# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL EDWARD WYATT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-018-MJR ) |
| LISA J. HOLLINGSWORTH, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Paul Edward Wyatt is an inmate in the United States Penitentiary in Marion. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**THE COMPLAINT**

Liberally construing the complaint, Wyatt appears to claim that the Defendants violated his

Eighth Amendment rights when they attempted to compel him to move from the Special Housing Unit (SHU) to general prison population against his wishes. Wyatt contends that general population is dangerous because sex offenders and non-sex offenders live and work together. Wyatt was issued seven incident reports for failing to move to general population.

Wyatt also states that he suffers from sore and swollen gums. Wyatt alleges that he has made several requests to be seen by a dentist. Wyatt contends that he waited for more than six months without a dental exam. Wyatt claims this delay was in violation of his Eighth Amendment rights.

In July 2008 Wyatt's counselor was unavailable to provide administrative remedy forms, so Wyatt contacted Defendant Bryson to gain access to the forms. Bryson continually denied Wyatt the forms, in an effort to hinder Wyatt's ability to file grievances. Wyatt states that this intentional denial of forms was in violation of his Fourteenth Amendment rights to procedural due process.

In August 2008 Bryson informed Wyatt that if he continued to file grievances, he would be forced to perform kitchen work for low pay and would be required to pay fines. Wyatt claims that this threat was an attempt to inhibit his ability to file future grievances in violation of his First Amendment rights.

In September 2008 Wyatt delivered completed grievance forms to Defendant English to process the grievance. After being provided the grievance, English has consistently refused to produce the completed form, and has yet to admit that the form has been lost. As a result, Wyatt had to continue through administrative remedies without the completed form necessary to show that other remedies had been exhausted. Wyatt claims that English's refusal to admit that the form was completed but lost is a deliberate attempt to hinder his procedural due process rights.

For the above mentioned actions, Wyatt has requested a declaratory judgment that his

constitutional rights have been violated. He also requests injunctive relief requiring the prison to house sex offenders separately from the general prison population for safety reasons. Wyatt further requests punitive, compensatory, and nominal damages.

**DISCUSSION**

**COUNT 1: Housing**

Wyatt's first claim is that the Defendants are violating his Eighth Amendment rights by trying to have him moved to general population and exposing him to a "constant threat of violence." Plaintiff does have an Eighth Amendment right to be protected from attacks at the hands of other inmates. To establish an Eighth Amendment failure to protect claim, however, Plaintiff must demonstrate (1) that he suffered an objectively sufficiently serious injury and (2) that he was incarcerated under conditions imposing a sufficient risk of serious harm. *Borello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). While Plaintiff need not suffer an actual attack to secure *prospective* relief on a claim that prison officials have failed to adequately protect him from other inmates, *Farmer v. Brennan*, 511 U.S. 825, 845 (1994), Plaintiff must still allege facts indicating that he is incarcerated under conditions imposing a sufficient risk of serious harm.

In this case, Plaintiff alleges only that the general population at USP-Marion is comprised of about 49% sex offenders and 51% non-sex offenders. Standing alone, this allegation does not indicate that Defendants have failed to adequately protect him from a serious risk of attack. The housing of sex offenders with non-sex offenders does not *per se* violate the Constitution. There is nothing in the complaint to suggest that the Defendants have unreasonably responded to the risk of inmate on inmate attack in general population generally, much less between sex offenders and non-sex offenders. Put simply, Plaintiff has not alleged facts indicating that the security situation at

3

USP-Marion is so deficient that keeping him in SHU is the *only* constitutional way that he can be protected from attacks.[1] Furthermore, a backwards looking claim for damages must be premised on a actual attack. *Babcock v. White*, 102 F.3d 267, 270-72 (7th cir. 1996).

Finally, Plaintiff may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007). Plaintiff's complaint clearly states that he has a "BP-11" pending with respect to this claim. The filing of a BP-11 is the fourth and final stage of the grievance system for federal inmates. *Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001). Therefore, Count 1 should be dismissed.

**COUNT 2:   Medical Indifference**

Wyatt claims that he suffers from sore and swollen gums and that he has been in need of unspecified dental care since 2005 when he was confined in FCI-Seagoville. Plaintiff states that he has submitted several requests for dental care, but he was required to wait six months before receiving a dental exam.

Deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing

---

[1] The Court notes that Plaintiff appears to have remained in SHU and was never actually moved to general population.

or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

Dental problems may constitute an objectively serious medical need. *Manney v. Monroe*, 151 F.Supp.2d 976, 990 (N.D. Ill. 2001). At this point, it is unclear whether the six month delay in getting Plaintiff care for his dental problems was due to reckless disregard for his problems or for some other reasons (such as negligence). Nevertheless, Plaintiff's medical claim does not survive threshold review. First, Plaintiff does not allege how the named defendants were personally and directly responsible for the alleged violation of his rights. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Second, Plaintiff's complaint states that he still has a grievance concerning the denial of dental care still pending in the BP-10 stage. A BP-10 is only the third step in the administrative grievance procedure for federal inmates. *Massey*, 259 F.3d at 643. Consequently, Plaintiff has not exhausted his administrative remedies with respect to this Count. Therefore, Count 2 does not survive threshold review.

5

**COUNT 3: First Amendment**

Wyatt next claims that Bryson infringed his free speech rights protected by the first amendment when she threatened him with fines and an assignment to a low paying job if he continued to file grievances. With these threats, Wyatt alleges that Bryson attempted to discourage him from filing future grievances, in violation of his first amendment rights.

Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (*citing Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000).

Although Wyatt claims that the threats by Bryson were a result of past grievances he had filed, and not for any reasonable or legitimate interest, Count 3 must still be dismissed because Plaintiff alleges that he still has a grievance concerning this matter pending in the "BP-11 stage."

**COUNT 4: Due Process**

Wyatt claims that Bryson continually refused to provide him with grievance forms necessary to properly file a grievance, in an effort to deny him due process. Wyatt further claims that he was denied due process when English refused to acknowledge that Wyatt had provided a completed grievance form, but that English had lost it causing Wyatt to proceed in the grievance procedure without proper evidence. Wyatt claims that these actions by English were a deliberate attempt to hinder his rights to procedural due process.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must

show that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the case currently before the Court, Wyatt claims that he was denied due process by Bryson when she refused to provide grievance forms, and English when she refused to acknowledge that he had provided her with a completed grievance form, thus thwarting his efforts to exhaust his administrative remedies. However, in both instances Wyatt has not shown that he was deprived of life, liberty, or property. While Wyatt may argue that his ability to file grievances qualifies as a liberty interest, "inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution does not require any procedure at all, and due process rights are not violated if prison officials fail to follow their own procedures. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir.1982). Because Wyatt has not been denied life, liberty, or property without due process, this count against Bryson and English must be dismissed.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Counts 1, 2, and 3 of the complaint are **DISMISSED** without prejudice. Count 4 is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's motion for leave to file evidentiary exhibits (Doc. 5) is **GRANTED**. All other pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

**DATED this 22nd day of July, 2009.**

                                                    **s/ Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**